# United States Court of Appeals
## For the First Circuit

No. 13-2525

UNITED STATES OF AMERICA,

Appellee,

v.

MARCOS ROJAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Raymond E. Gillespie on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and John A. Mathews II, Assistant United States Attorney, on brief for appellee.

March 11, 2015

**BARRON, Circuit Judge.**  After reaching a plea agreement with the government, Marcos Rojas pled guilty to failing to register as a sex offender as required by the Sex Offender Registration and Notification Act, or SORNA, 18 U.S.C. § 2250(a). The District Court sentenced Rojas to twelve months in prison.  The District Court also sentenced Rojas to ten years of supervised release and imposed a number of special conditions of supervised release.  On appeal, Rojas challenges three of those conditions: a requirement that he participate in a sex offender treatment program, a requirement that he participate in a mental health treatment program, and a prohibition on the possession of pornography unless approved by Rojas's probation officer.

We need not reach the substance of Rojas's appeal, however, because of the "waiver of appeal" provision in Rojas's plea agreement.  Rojas concedes that he agreed knowingly and voluntarily to accept that provision. See United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001) ("The baseline for any waiver of rights is that the defendant enter into it knowingly and voluntarily.").  And Rojas does not argue that, if the waiver applies to his arguments in this appeal, the sentencing errors he alleges amount to such a "miscarriage of justice" that we must "relieve [him] of the waiver."  Id. at 25.  Rather, Rojas's sole argument is that the scope of the waiver does not encompass the challenges he brings on this appeal.

Rojas grounds that argument in the text of the waiver of appeal as read against the text of the plea agreement. Specifically, the plea agreement stated that the parties were making no recommendation regarding conditions of supervised release. And the waiver then provided:

> [I]f [the District] Court accepts this Plea Agreement and sentences the defendant according to its terms, conditions and recommendations, the defendant then waives and permanently surrenders his right to appeal the judgment and sentence in this case.

Rojas accordingly argues that the sentence -- by imposing conditions of supervised release -- could not have been "according to" the plea agreement's "terms, conditions and recommendations." And thus, Rojas argues, the waiver cannot bar him from appealing the conditions of supervised release.

Rojas's proposed construction would appear to render the entirety of the waiver ineffective upon the imposition of any condition of supervised release, as the waiver's text does not appear to permit a defendant to appeal only those aspects of a sentence that are not "according to" the plea agreement. And it is hard to believe that the government, in entering into the plea agreement, intended for the waiver to be contingent in that way.

But Rojas's argument is also unpersuasive for another reason. He concedes that, if the plea agreement did not specifically state that it contained no recommendation regarding conditions of supervised release, then the waiver would apply and

bar this appeal.  And he must concede as much, because, as Rojas acknowledges, we have held that this exact waiver language precludes the appeal of conditions of supervised release when a plea agreement says nothing about them.  See, e.g., United States v. Santiago, 769 F.3d 1, 7 (1st Cir. 2014); United States v. Rivera-López, 736 F.3d 633, 634-35 (1st Cir. 2013).

But if that is so, this case is no different.  The plea agreement here merely included a clause that stated expressly what the silence in those cases made equally clear -- that the plea agreement made no recommendation regarding terms of supervised release.  In imposing conditions of supervised release, therefore, the District Court imposed a sentence that was still "according to the terms, conditions and recommendations" of that agreement.  And because, as Rojas concedes, his appeal of the supervised release conditions is an appeal of the "judgment and sentence" in his case, see Santiago, 769 F.3d at 7, this appeal falls within the scope of the waiver.  Rojas's appeal is therefore dismissed.